UNITED STATES, Appellant

v.

GRAYSON DALE GOODRICH, Seaman, U. S. Navy, Appellee

1 USCMA 26, 1 CMR 26

No. 36

Decided November 8, 1951

MAJ. Maurice C. Goodpasture, USMC, for Appellant.
LCDR. Robert H. McCarthy, USN, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This case was certified to this court by the Judge Advocate General of the Navy, and presents one of the problems discussed by us in our opinion in United States v. Lucas (No. 7), 1 USCMA 19, 1 CMR 19, this day decided.

The accused was tried on June 26, 1951, by special court-martial on the charge of unauthorized absence, which offense occurred subsequent to the effective date of the new code (Act of May 5, 1950, 64 Stat. 108, 50 U.S.C. §§ 531-736). He entered a plea of guilty and was informed by the president of the court that by such plea he had admitted every act or omission charged and every element of the offense; that this plea subjected him to a finding of guilty without further proof of the offense, in which event he could be sentenced to the maximum punishment authorized for it. Accused was further advised that he was legally en-

titled to plead not guilty and place the burden of proving the elements of the offense and his guilt upon the prosecution; and that his plea of guilty would not be accepted unless he understood its meaning and effect. The accused stated that he understood the effect of his plea and that he desired to persist therein.

The president instructed the court as to the elements of the offense charged; and further advised the members that the accused was to be presumed innocent until his guilt was established by legal and competent evidence beyond reasonable doubt; that if any doubt existed it should be resolved in favor of the accused; that if there were any doubt as to the degree of guilt the finding should be in a lower degree as to which there was no reasonable doubt; and that the burden of proof to establish guilt beyond reasonable doubt was upon the prosecution.

Immediately thereafter, without closing the court in order that a secret vote of the members on the finding might be taken, the president announced that by his plea the accused had been found guilty of the charge and specification.

The court then received personal data and information regarding previous convictions of the accused and in closed session the members voted secretly on the sentence. The convening authority approved only that part of the sentence which provided for a bad conduct discharge and three months confinement.

The board of review set aside the findings and sentence and ordered a rehearing of the case, holding that the failure to comply with the procedure outlined in Articles 51 and 52, Uniform Code of Military Justice, and Paragraph 74(d), Manual for Courts-Martial, United States, 1951, which require a secret vote by members on the findings, was prejudicial error. As in the Lucas case, the Judge Advocate General of the Navy certified to this court the question of whether or not the error complained of materially prejudiced the substantial rights of the accused.

We reaffirm the holding announced in United States v. Lucas, that the failure of the president to close the court and take a secret ballot on the question of the guilt of the accused constituted error as a matter of law, but that in view of the plea of guilty and accused's persistence therein after a full disclosure of its effect, his substantial rights have not been prejudiced.

The decision of the board of review is reversed.

Chief Judge QUINN and Judge BROSMAN concur.