UNITED STATES, Appellant

v.

PAUL JOSEPH O'BRASSILL, Seaman Apprentice, U. S. Navy, Appellee

1 USCMA 27, 1 CMR 27

MAJ. Maurice C. Goodpasture, USMC, for Appellant.
LCDR. Robert H. McCarthy, USN, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The Judge Advocate General of the Navy certified this case to this court, and it is one of four cases consolidated for argument. The instant case involves one of the principles discussed by us in our opinion in United States v. Lucas (No. 7), 1 USCMA 19, 1 CMR 19, and our decision in that case is controlling.

The accused was tried by special court-martial on June 13, 1951, on four charges which alleged (1) stealing a wallet, (2) attempt to steal a wallet, (3) disobedience to the lawful order of a superior officer, and (4) unlawful possession of a wallet. The offenses occurred after the effective date of the new Uniform Code of Military Justice (Act of May 5, 1950, 64 Stat. 108; 50 U. S. C. §§ 551–736). The accused entered a plea of guilty to all specifications and charges; and, after being duly and fully warned of its effect, stated that he desired to persist in such plea.

Thereafter, the court closed for the purpose of voting secretly on the findings. No instructions or charges were given to the members as required by Article 51, Uniform Code of Military Justice, and Paragraph 73, Manual for Courts-Martial, United States, 1951. After a secret session of the members the court was re-opened and the trial counsel was directed by the court to return the charges to the convening authority with the request that the fourth charge be withdrawn because it constituted a minor offense included in the other charges. The convening authority consented to the request and the court, by secret ballot, voted a finding of guilty on the other three charges. The accused was sentenced to a bad conduct discharge and confinement for six months. The convening authority approved the sentence, but reduced the period of confinement to two months.

The board of review set aside the findings and sentence and ordered a rehearing, holding that the procedure prescribed by the Code and Manual is mandatory, and that the failure of the court to comply therewith was reversible error.

In United States v. Lucas we set forth our reasons for holding that the failure to comply with the procedure required by the Code and Manual is error as a matter of law. However, in accordance with the rule laid down in that case, we hold that where, as here, the accused entered a plea of guilty and persisted therein after being informed of its effect, he cannot claim that his substantial rights have been prejudiced by the non-compliance with the procedural rules. See Article 59 (a), Uniform Code of Military Justice.

The decision of the board of review is reversed.

Chief Judge QUINN and Judge BROSMAN concur.