UNITED STATES, Appellant

v.

ROY EARL BISHOP, Fireman Apprentice, U. S. Navy, Appellee

1 USCMA 29, 1 CMR 29

No. 37

Decided November 8, 1951

MAJ. Maurise C. Goodpasture, USMC, for Appellant.
LCDR. Robert H. McCarthy, USN, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This case is before us on certificate of the Judge Advocate General of the Navy. It presents one of the issues discussed by us in the case of United States v. Lucas (No. 7), 1 USCMA 19, 1 CMR 19, this day decided. The pertinent facts controlling the legal principles to be decided are similar to those presented in that case and the cases of United States v. Goodrich (No. 36), 1 USCMA 26, 1 CMR 26, and United States v. O'Brassill (No. 52), 1 USCMA 27, 1 CMR 27. The four cases were consolidated for argument and the disposition we made in the Lucas case is controlling in all. However, in the interest of clarity and completeness, we deem it advisable to detail separately the facts and findings in each case.

The accused, Roy Earl Bishop, was tried by general court-martial on July 2, 1951, upon charges of two unauthorized absences and of negligence in obeying orders (Par. 19 and Par 9, respectively, of Article 8, Articles for the Government of the Navy). The offenses ocurred prior to the effective date of the new code (Act of May 5, 1950, 64 Stat. 108; 50 U.S.C. §§ 551–736). The accused entered a plea of guilty and the law officer informed him that by such plea he had admitted every act or omission charged and every element of the offenses; that it subjected him to a finding of guilty without further proof of the offenses, in which event he could be sentenced to the maximum punishment authorized for them; that accused was legally entitled to plead not guilty and place the burden upon the prosecution of proving his guilt; and that his plea would not be accepted unless he fully understood its meaning and effect. The accused stated that he understood the effect of the plea and and that he desired to persist therein.

No further evidence was presented and without receiving instructions and charges the court then cleared, and by secret ballot, in closed session, voted a finding of guilty on each of the offenses charged. Thereafter, the accused was

29

sentenced to be reduced in grade, to be discharged from the service with a bad conduct discharge, to forfeit all pay and allowances for nine months, and to be confined at hard labor for nine months. The convening authority approved the sentence, but the findings and sentence were set aside by the board of review and a rehearing ordered. The board of review held that the provisions of Article 51(c) Uniform Code of Military Justice, requiring that the law officer instruct and charge the court, are mandatory in all cases; and that failure to comply therewith constituted prejudicial error. By his certificate, the Judge Advocate General of the Navy has requested that we determine whether the error materially prejudiced the substantial rights of the accused.

As we stated in the Lucas case, supra, the Code specifically requires that the court be instructed on the elements of the offense charged and that it be charged as to the presumption of inno-cence of the accused, reasonable doubt, and burden of proof, and this procedure is required by the Manual even in cases where a plea of guilty has been entered. We reaffirm the holding that the provisions referred to are mandatory and hold that the failure of the law officer to comply therewith in the instant case was error as a matter of law.

However, by enacting Article 59(a) of the Code, Congress limited reversal on the ground of error of law to those cases where the error materially prejudiced the substantial rights of the accused. In view of accused's plea of guilty in the instant case, we are unable to hold that his substantial rights have been prejudiced, for the reasons given in the Lucas case.

The decision of the board of review is reversed.

Chief Judge QUINN and Judge BROSMAN concur.